UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALBERT D. MITCHELL,

        Plaintiff,                  Case No.  06-11547

v.                                    District Judge Marianne O. Battani
                                         Magistrate Judge R. Steven Whalen

YPSILANTI POLICE DEPARTMENT
and OFFICER BRENT YUCHASZ,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING MOTION
FOR MORE DEFINITE STATEMENT AND PERMITTING PLAINTIFF
TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Defendants' Motion for More Definite Statement [Docket #6].

### I.   PROCEDURAL BACKGROUND

On March 31, 2006, Plaintiff filed a handwritten, one-page *pro se* Complaint naming as Defendants the Ypsilanti Police Department and police officer Brent Yuchasz. On April 5, 2006, before Defendants filed any responsive pleadings, Plaintiff filed an Amended Complaint, also handwritten, naming the City of Ypsilanti as a Defendant. Subsequently, on April 17, 2006, Defendants Ypsilanti Police Department and Officer Yuchasz, through counsel, filed the present Motion for More Definite Statement.

On May 8, 2006, the Plaintiff filed a Response to the present motion, along with a

Second Amended Complaint [Docket #9].

## II.   LEGAL PRINCIPLES

Fed.R.Civ.P. 12(e) provides as follows:

"**(e)** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."

In assessing the present motion, two other principles come into play. First, *pro se* litigants are not held to the standard of practicing attorneys, and their pleadings are to be construed liberally. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

However, even a *pro se* litigant must comply with Fed.R.Civ.P 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at

the nature of the claim asserted." *Id*. In addition, Rule 8(a)(3) requires a specific demand for judgment for the relief sought.

### III.   ANALYSIS

It appears that Defendants' objections are directed at Plaintiff's original Complaint, and possibly the First Amended Complaint. Defendants raise the following arguments:

(1) The Complaint is not specific enough to reasonably inform them of the nature and legal basis of the claims against them.

(2) The Defendants do not know the jurisdictional basis of the Complaint, that is, whether the Plaintiff is claiming violations of federal law, state law, or both.

(3) The Complaint does not contain a demand for relief.

(4) It is unclear whether the Plaintiff is proceeding against the Ypsilanti Police Department or the City of Ypsilanti. The latter is the real party in interest; the former is not.

The Plaintiff's original Complaint [Docket #1] is clearly deficient under Rule 8(a). Although it appears to allege an assault and the improper destruction of evidence in a criminal case, it is extremely vague about who did what and when, and what the basis of relief is. It does not contain a specific demand for relief. The First Amended Complaint [Docket #4] adds the City of Ypsilanti as a Defendant, but does little if anything to clarify the allegations or the relief sought.

However, the Second Amended Complaint, filed on May 8, 2006 [Docket #9],

appears to address the Defendants' concerns.[1]  It states that Officer Yuchasz and other Ypsilanti police officers destroyed evidence and gave false testimony at Plaintiff's criminal trial in Washtenaw County Circuit Court.  It further states that on April 1, 2003 and November 15, 2003, officers of the Ypsilanti Police Department beat him without cause.  It alleges that the City of Ypsilanti acquiesced in their police officers' misconduct, and that "[t]hese acts of excessive force, assault and battery, malicious prosecution, and violation of [his] civil rights" caused damages, and it requests judgment in the amount of $10,000,000.  Plaintiff also states, "I raise civil rights claims under all state and federal."

Thus, giving this *pro se* complaint a liberal construction, it may reasonably be construed to raise federal civil rights allegations under 42 U.S.C. §1983 against Officer Yuchasz and other police officers, based on a Fourth Amendment claim of excessive force and a Due Process claim of subverting his criminal trial with evidence tampering and perjury.  It sets forth a municipal liability claim against the City of Ypsilanti.[2]  It also

---

[1]The Second Amended Complaint is accompanied by an Answer to Motion for More Definite Statement, which states, "As my answer to this motion, I am filing a second amended complaint which I believe complies with the rules of the court....If the amended complaint I am filing today takes care of the problems listed in the motion, I ask that the court dismiss this motion."

[2]The Supreme Court has held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," and that for there to be municipal liability, the alleged unconstitutional violation must implement or execute a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers, or be taken pursuant to governmental custom.  *Monell v. Department of Social Services,* 436 U.S. 658, 690-692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For purposes of pleading, Plaintiff has set forth a claim of municipal liability as an exception to *Monell* Whether that claim will survive a motion to dismiss or for summary judgment may be determined at a later date.

raised state law claims of assault and battery and malicious prosecution, based on the same facts. Finally, it sets forth a specific claim for relief, in the amount of $10,000,000.

This is not to say that all of the Plaintiff's claims will necessarily survive dismissal under Fed.R.Civ.P. 12(b)(6) or 56 ( c ). For example, §1983 claims which call into question the validity of his criminal conviction would be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), absent a showing that the conviction had been reversed or vacated. In addition, Defendants' concern with the propriety of naming the Ypsilanti Police Department as a Defendant is well taken. A municipal police department, which is simply an agency of the municipality, is not the proper party in interest in a tort action; rather, the municipality itself is the proper party. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992, fn. 1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D. Mich. 1980) (holding that a police department "is merely a creature of the City, the real party in interest"). However, the Plaintiff has now named the City of Ypsilanti, and the dismissal of the Ypsilanti Police Department may be dealt with separately, either on motion or by the Court's *sua sponte* order.

Nevertheless, I find that the Plaintiff's Second Amended Complaint is in sufficient compliance with Rule 8. Under Fed.R.Civ.P. 15(a), Plaintiff is required to obtain leave of the Court to file the Second Amended Complaint. Again giving liberal construction to Plaintiff's *pro se* pleadings, I will construe his answer to the present motion, submitted

along with the Second Amended Complaint [Docket #9] as his own motion to amend, and will grant the same.

Accordingly, Defendants' Motion for More Definite Statement [Docket #6] is DISMISSED.

Plaintiff's Answer to this Motion [Docket #9] is construed as a Motion to Amend Complaint, and, pursuant to Fed.R.Civ.P. 15(a), is GRANTED.

Plaintiff's Second Amended Complaint will be accepted by the Court for filing.

SO ORDERED.

      S/R. Steven Whalen
      R. STEVEN WHALEN
      UNITED STATES MAGISTRATE JUDGE

Dated:  May 24, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 24, 2006.

      s/Gina Wilson
      Judicial Assistant